and the court's jurisdiction over the case was lost. The court had power to permit the withdrawal of a juror, but, after having done so, should have directed that the plaintiff apply at special term for leave to amend his complaint. The court not only directed that the complaint be amended, but gave permission to the plaintiff to amend in any way he deemed proper. Such an order cannot be sustained. Gaylord v. Beardsley (Sup.) 19 N. Y. Supp. 548. The court directed that issue remain as of the original date, and that the cause be placed upon the calendar for trial for the first Monday of December, 1898. The court had no power to so order. Any delay caused by the amendment by reason of the necessity of filing a new note of issue was for the consideration of the plaintiff when he applied for leave to amend. Ziegler v. Trenkman, 31 App. Div. 305, 52 N. Y. Supp. 613; Romaine v. Bowdoin, 70 Hun, 366, 24 N. Y. Supp. 67; Leonard v. Faber, 31 App. Div. 137, 52 N. Y. Supp. 772; Gair v. Birmingham & Co., 20 Civ. Proc. R. 233, 15 N. Y. Supp. 147; Keilty v. Traynor, Law Journal, Nov. 25, 1898, p. 584, 55 N. Y. Supp. 744. The terms awarded in the order undoubtedly were fixed as a condition for the amendment of the complaint, and, when the application is made at special term, that tribunal may fix such terms, upon granting the desired relief, as justice requires.

The order should be modified by striking out the permission to amend the complaint, and fixing date of issue and setting case down for trial, and by making the order read as follows, "Ordered, that a juror be withdrawn, and that plaintiff be allowed to apply at special term for leave to amend his complaint;" and, as modified, the order should be affirmed, with costs to the appellant.

FITZSIMONS, C. J., concurs.

---

BELESENA COAL-MIN. CO. v. LIBERTY DREDGING CO.

(City Court of New York, General Term.    January 18, 1899.)

1. MOTION TO STRIKE ANSWER—LACHES.
   Motion to strike out an answer five months after service of the answer, and after a reply and notice for trial have been served, comes too late.

2. SAME.
   A motion to strike out an answer as frivolous should be denied, where it contains a good general denial of allegations contained in plaintiff's complaint, alleging a sale, delivery, and promise to pay.

Appeal from special term.

Action by Belesena Coal-Mining Company against the Liberty Dredging Company. From an order of the special term denying his motion to strike out the amended answer, plaintiff appeals. Affirmed.

Argued before O'DWYER and OLCOTT, JJ.

John L. Wilkie and Winslow Thayer, for appellant.

Charles Goldzier, for respondent.

O'DWYER, J. The motion was properly denied. The first paragraph of the defendant's amended answer contains a good general

denial of the allegations contained in the third, fourth, and fifth paragraphs of the plaintiff's complaint, i. e. the sale, delivery, and promise to pay. The second defense is good, if sustained by proof, and, inasmuch as the plaintiff's allegations are in issue upon the denial thereof, should not be disposed of upon affidavits. The plaintiff has been guilty of laches. The motion to strike out the answer was made five months after the service of the answer, and after a reply and notice of trial had been served.

Order affirmed, with $10 costs and disbursements. All concur.

---

FREDA v. MONTAUK CO.

(City Court of New York, General Term. January 18, 1899.)

INTERPLEADER—CONFLICTING CLAIMS TO SAME RES.

> A defendant, sued for the use of plaintiff's teams, is not entitled to an order of interpleader, where claimant's debt against plaintiff was for the keep of the teams, since plaintiff and claimant do not claim the same money.

Appeal from special term.

Action by Carmine Freda against the Montauk Company. From an order granting defendant's motion for an order of interpleader, plaintiff appeals. Reversed.

Argued before McCARTHY and O'DWYER, JJ.

Henry Wendt, for appellant.
William J. Kelly, for respondent.

O'DWYER, J. It is necessary for the defendant upon this motion to show that the claim of the third party has some reasonable foundation, and that the defendant will incur a hazard by paying; that they claim the same thing. Bassett v. Leslie, 123 N. Y. 396, 25 N. E. 386; Railroad Co. v. Arthur, 90 N. Y. 234; Stevenson v. Insurance Co., 10 App. Div. 233, 41 N. Y. Supp. 964. Defendant's affidavit states that the action is for a balance due for use of horses and teams, and for services rendered in connection with work done on the defendant's property at Montauk Point, in Suffolk county. It states that Sirignano claims that he called for and fed the horses, and that his balance now sued for is really due him. The plaintiff and Sirignano are not claiming the same money. Defendant is a debtor to plaintiff for work done on its property, and the plaintiff owes Sirignano for caring for and feeding horses. The facts as set forth do not establish a lien on the money at common law, and he has no mechanic's lien under the statutes.

The order appealed from should be reversed, with costs, and the motion denied, without costs.

McCARTHY, J., concurs.